UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING in part and DENYING in part Defendants' motion to dismiss

Before the Court is Defendants Campbell Soup Company and Y&R's (collectively "Defendants") motion to dismiss. *See* Dkt. # 20 ("*Mot.*"). Plaintiff Hortense Sims has opposed this motion, *see* Dkt. # 25 ("*Opp.*"), and Defendants replied, *see* Dkt. # 26 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** the motion in part and **DENIES** it in part.

I.   Background

Defendant Campbell Soup Company ("Defendant Campbell") manufactures fruit-flavored beverages under the trade name "V8 Splash." *Complaint*, Dkt. # 1 ("*Compl.*"), ¶ 7. Defendant Y&R is an advertising agency that was allegedly responsible for the labeling and advertising of V8 Splash. *Id.* ¶ 21. V8 Splash comes in seven varieties named for different flavors, for example "V8 Splash Berry Blend" and "V8 Splash Strawberry Kiwi." *Id.* ¶ 82.

Plaintiff is a consumer of V8 Splash. *Id.* ¶ 24. She brings suit on behalf of a class of individuals who purchased V8 Splash in California, alleging that the labels on V8 Splash bottles and the advertising used to promote the product misled customers into thinking that V8 Splash is a healthy, natural beverage "brimming with healthful fruit and vegetable juices," when it is actually made up of 95 percent water and high fructose corn syrup and contains artificial flavors. *Id.* ¶¶ 9–11, 25–27.

Plaintiff's complaint focuses on specific aspects of the V8 Splash labels and advertising that she alleges are false or misleading. She alleges that the names of the V8 Splash varieties (e.g. "Berry Blend" and "Tropical Blend"), used in conjunction with images of fruits and berries

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

on the labels, give consumers the impression that the beverages contain much more juice than they actually do. *See id.* ¶¶ 25–33. And she alleges that Defendants misleadingly advertised V8 Splash as a "good source of Antioxidant Vitamins A&C" when it actually is not. *Id.* ¶¶ 34–43. But Plaintiff primarily focuses on Defendant Campbell's use of an ingredient called "d-1 malic acid," which she alleges is used to simulate the flavor of "tart fruit." *Id.* ¶¶ 53–56. Malic acid can occur naturally in some fruits and vegetables. *Id.* ¶ 61. However, d-1 malic acid, the type of malic acid that Defendant Campbell uses in V8 Splash, is artificial. *Id.* ¶ 62. Plaintiff alleges that Defendants have failed to comply with two Food and Drug Administration ("FDA") labeling regulations relating to the use of d-1 malic acid, which have been incorporated into California law. Specifically, she alleges that d-1 malic acid is an artificial flavor and that Defendants failed to comply with an FDA regulation requiring products containing artificial flavors to disclose that fact on the front label. *Id.* ¶¶ 59, 69–76. Further, she alleges that Defendants violated FDA regulations by listing d-1 malic acid as simply "malic acid" in the ingredient list on the back label, thereby failing to inform customers that the product uses the artificial, rather than the natural, version of the compound. *Id.* ¶¶ 60–65. Plaintiff asserts that she relies on labels to disclose the presence of artificial flavors when required by federal law and that Defendants' failure to comply with labeling regulations misled her into purchasing products containing artificial flavoring when she otherwise would not have done so. *Id.* ¶¶ 95–107.

Plaintiff filed her complaint in this Court on April 2, 2018 on behalf of a proposed class of California consumers, invoking the Court's jurisdiction under the Class Action Fairness Act. *See id.* ¶ 1. She asserts six causes of action:

First Cause of Action: Violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq. *Id.* ¶¶ 130–37.

Second Cause of Action: Violation of California's Unfair Competition Law ("UCL"), Unlawful Prong, Cal. Bus. & Prof. Code §§ 17200 et seq. *Id.* ¶¶ 138–48.

Third Cause of Action: Violation of the UCL, Unfair Prong. *Id.* ¶¶ 149–65.

Fourth Cause of Action: Violation of California's False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500 et seq. *Id.* ¶¶ 166–170.

Fifth Cause of Action: Breach of express warranty. *Id.* ¶¶ 171–78.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

<u>Sixth Cause of Action</u>: Breach of implied warranty. *Id.* ¶¶ 179–97.

Defendants now move to dismiss, arguing that Plaintiff's allegations fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) and that she lacks standing to bring claims for any of the varieties of V8 Splash that she did not personally purchase. *See generally Mot.* Defendant Y&R further argues that the claims against it should be dismissed because Plaintiff has not alleged that Y&R exercised sufficient control over the labeling and advertising practices at issue. *See Mot.* 23:24–25:6.

II.  <u>Legal Standards</u>

   A.  <u>Standing</u>

A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (citation omitted). The "irreducible constitutional minimum" of Article III standing has three elements: (1) the plaintiff must have suffered an "injury in fact," meaning a concrete and particularized injury that is actual or imminent; (2) the injury must be causally related to the defendant's challenged actions; and (3) it must be "likely" that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted); *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013). The plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. *See Lujan*, 504 U.S. at 561.

Article III standing bears on the court's subject matter jurisdiction and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Rule 12(b)(1) attacks on subject matter jurisdiction can be factual or facial. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, such as Defendants' attack here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* When evaluating a facial attack on jurisdiction, the court accepts the factual allegations in the plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

   B.  <u>Rule 12(b)(6)</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City and Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III. <u>Judicial Notice</u>

Both parties have requested judicial notice. *See Defendants' Request for Judicial Notice*, Dkt. # 21 ("*Defendants' RJN*"); *Plaintiff's Request for Judicial Notice*, Dkt. # 25 ("*Plaintiff's RJN*"). Specifically, Defendant has asked the Court to take judicial notice of photographs of the V8 Splash labels at issue in this case as well as an FDA Warning Letter that was sent to a company called Altura Food, Inc. in September 2012. Plaintiff has asked the Court to take judicial notice of a screenshot from Defendants' website.

Neither side has objected to the other side's request for judicial notice, and it appears to the Court that the materials can be properly considered at the motion to dismiss stage. The V8 Splash labels and Defendants' website are expressly referenced in the complaint. *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (holding that a court may consider "documents incorporated by reference" on a motion to dismiss). The FDA letter is a government document, and Plaintiff does not dispute its authenticity. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (holding that courts "can take judicial notice of '[p]ublic records and government documents available from reliable sources'"). Accordingly, the Court **GRANTS** Plaintiff's and Defendants' requests for judicial notice.

IV. <u>Discussion</u>

The Court will first address Defendants' arguments about standing. It will then turn to Defendants' arguments against Plaintiff's various causes of action. Finally, it will address

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

Defendants' argument that Plaintiff cannot invoke California's discovery rule to expand her proposed class period.

    A.    <u>Standing</u>

Defendants argue that Plaintiff lacks standing in two respects. First, they argue that Plaintiff cannot bring claims based on varieties of V8 Splash that she did not personally purchase. Second, they argue that she lacks standing to bring a claim based on a statement on Defendants' website that advertised V8 Splash as "a good source of Antioxidant Vitamins A & C," because she has not alleged that she saw and relied on that statement in purchasing the product.

            i.    *Standing for Non-Purchased Products*

Plaintiff has not specified which of the seven V8 Splash varieties she purchased, alleging only that she purchased V8 Splash "multiple times." *Compl.* ¶ 24. Defendants argue that she cannot pursue claims for products she did not purchase.

To satisfy Article III, a plaintiff must demonstrate a "personal stake" so as to "warrant [] invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "[S]tanding is not dispensed in gross. . . . [A] plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Lewis v. Casey*, 518 U.S. 343, 358 n. 6 (1996) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982)) (internal quotation marks omitted).

There is a division of authority as to whether class action plaintiffs have standing to bring claims for products that they did not personally purchase but that were purchased by unnamed class members. Some courts have dismissed claims against unpurchased products on standing grounds. *See, e.g.*, *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396, at *4–5 (N.D. Cal. June 14, 2012) ("The Court finds plaintiffs do not have standing to bring this claim because they did not purchase the Crescent Rolls and therefore, as a matter of law, could not have suffered a particularized injury as required by Article III."); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-1044 JSW, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011); *Johns v. Bayer Corp.*, No. 09CV1935 DMS (JMA), 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010). But the "'prevailing view' in the Ninth Circuit" is that class action plaintiffs can bring claims for products they didn't purchase "as long as the products and alleged misrepresentations are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

substantially similar." *In re 5-Hour ENERGY Mktg. & Sales Practices Litig.*, No. MDL 13-2438 PSG (PLAx), 2014 WL 5311272, at *7 (C.D. Cal. Sept. 4, 2014); *Miller v. Ghiradelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012); *see also*, *Brown v. Hain Celestial Grp. Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012) (same); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, Nos. C-11-2910 EMC, C-11-3164 EMC, 2012 WL 2990766, at *11 (N.D. Cal. July 20, 2012) ("[T]he critical inquiry seems to be whether there is sufficient similarity between the products purchased and not purchased."). They have also noted that the proper time to answer the substantial similarity question is at the class certification stage, where the court "will have to gauge the typicality of [the plaintiff's] claims and [the plaintiff's] ability to adequately represent the interests of the proposed class[]." *5-Hour ENERGY*, 2014 WL 5311272, at *7.

This Court has previously taken that approach, allowing plaintiffs to assert claims based on non-purchased products at the motion to dismiss stage. *See In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, No. CV 16-1442 PSG (MRWx), 2017 WL 4676585, at *11 (C.D. Cal. Oct. 10, 2017); *5-Hour ENERGY*, 2014 WL 5311272, at *7. It does so again here. Plaintiff has adequately alleged that all seven varieties of V8 Splash mislead consumers in substantially similar ways. The Court defers a more rigorous inquiry to the class certification stage.

        ii.      *Standing for the Antioxidant Advertising Claims*

Plaintiff alleges that Defendants misled consumers by falsely advertising on their website that V8 Splash is "a good source of Antioxidant Vitamins A & C." *Compl.* ¶¶ 34–35. Defendants argue that any claims based on the alleged advertising must be dismissed because Plaintiff does not allege that she saw the advertising and relied on it in purchasing Defendants' products. *See Mot.* 20:1–5.

Plaintiff alleges only that Defendants falsely represented that V8 Splash was a good source of antioxidants and further alleges that she would not have purchased V8 Splash "in the absence of Defendants' misrepresentations and omissions." *See Compl.* ¶ 103. She points to a case in the Southern District of New York where similar allegations were found to be sufficient to survive a motion to dismiss because the reasonable inference to be drawn from them was that the plaintiff had seen the statements on the defendant's website and was deceived into purchasing the products in question. *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

But respectfully, the Court does not find *Goldemberg* persuasive. The fact that Plaintiff has pointed to a statement on Defendants' website and later made a general allegation that "she would not have purchased the Product in the absence of Defendants' misrepresentations and omissions" is not enough to give rise to a plausible inference that Plaintiff actually saw the statement and relied on it in deciding to purchase V8 Splash. *See Johns*, 2010 WL 476688, at *5 (finding that a plaintiff lacked standing to bring a claim based on advertisements that he did not rely on); *see also 5-Hour ENERGY*, 2014 WL 5311272, at *16–17 (finding that plaintiffs did not satisfy the Rule 9(b) particularity requirement when they did not allege that they had actually seen the misleading advertisements). Accordingly, Plaintiff's claims relating to the antioxidant advertising on Defendants' website are **DISMISSED** for lack of standing.

  B. <u>CLRA, FAL, and UCL Claims</u>

Plaintiff's remaining CLRA, FAL, and UCL claims are grounded on two theories of liability. First, she alleges that the names of the V8 Splash varieties in conjunction with the use of images of fruit on the labels mislead customers into thinking that the beverage contains more real juice than it actually does. And second, she alleges that consumers are misled by Defendants' failure to comply with the FDA labeling regulations governing the use of d-1 malic acid as an artificial flavor—specifically their failure to disclose the presence of artificial flavors on the front label of the product and their failure to list the ingredient as "d-1 malic acid," rather than just "malic acid" on the ingredient list on the back label.

Defendants make several arguments for dismissal that apply equally to the three claims. First, they argue that they did not have to disclose the presence of artificial flavors because d-1 malic acid is categorically not an artificial flavor, or, alternatively, because it did not function as a flavor in V8 Splash. Second, they argue that Plaintiff has not adequately alleged that a reasonable consumer would be misled by the failure to disclose the presence of artificial flavors on the front label. Third, they argue that Plaintiff's allegations about the names of the V8 Splash varieties and the use of images of fruit on the label, as well as her allegations about Defendants' failure to list "d-1 malic acid" on the ingredient list, are preempted by federal law. Fourth, they argue that Plaintiff's allegations fail to meet the particularity requirements of Rule 9(b). And finally, they make additional arguments for why Defendant Y&R should not be held liable. The Court addresses these arguments in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

*i.  Whether Defendants Violated FDA Labeling Regulations*

Plaintiff argues that the front labels on V8 Splash bottles are misleading because they do not comply with FDA regulations requiring products containing artificial flavors to disclose that fact on the front label. *See Opp.* 6:24–9:8. Defendants argue that they were not required to make this disclosure because d-1 malic acid is not an artificial flavor. *See Mot.* 8:4–12:3

The federal labeling rules are contained in regulations issued by the FDA. *See* 21 C.F.R. § 101.22. The regulation at issue here applies when a label makes a representation about a "primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means." *Id.* § 101.22(i). Flavors that are the subject of such representations are termed "characterizing flavors." *Id.* For example, if a bottle of juice was labeled "APPLE JUICE" and contained a large picture of an apple, apple would be considered a "characterizing flavor." The FDA has promulgated several rules that regulate how labels must depict and describe characterizing flavors. Relevant to this case:

> If the food contains any artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name(s) of the characterizing flavor, in letters not less than one-half the height of the letters used in the name of the food and the name of the characterizing flavor shall be accompanied by the word(s) "artificial" or "artificially flavored", in letters not less than one-half the height of the letters in the name of the characterizing flavor, e.g., "artificial vanilla", "artificially flavored strawberry", or "grape artificially flavored".

*Id.* § 101.22(i)(2). Reduced to plain language, the rule requires products using artificial flavors that simulate, resemble, or reinforce the characterizing flavors to prominently disclose the presence of those artificial flavors on the front label.

Defendants argue that they are not subject to this regulation because d-1 malic acid is not an artificial flavor. They assert that not everything that imparts taste is considered a "flavor" for FDA labeling purposes. *See Mot.* 8:18–9:11. They note that malic acid does not appear on two lists of artificial flavors promulgated by the FDA. *See* 21 C.F.R. §§ 172.515, 182.60. And they further argue that Plaintiff has not adequately alleged that malic acid functions as a flavor in V8 Splash because it can also serve unrelated functions such as being a pH control agent, an acidifying ingredient, or an enhancer of other flavors. *See Mot.* 9:12–23. Plaintiff counters that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

the lists of flavors that Defendants point to were not intended to be comprehensive. *See Opp.* 6:28–7:9. And she points out that Defendants' own website states that malic acid is added to V8 Splash "for tartness and flavor and to maintain the safety of our products." *See id.* 6:24–27; *Exhibit 1 to Plaintiff's RJN*, Dkt. # 25-2.

The Court concludes that Plaintiff has adequately alleged that the d-1 malic acid functions as a flavor in V8 Splash. Defendants' arguments that malic acid is not, or does not function as, a flavor go to disputed factual questions that the Court cannot resolve at the motion to dismiss stage. Defendants argue that even if d-1 malic acid can be an artificial flavor, Plaintiff has not plausibly alleged that it acted to simulate the characterizing flavors of the various V8 Splash varieties—a requirement for triggering the FDA disclosure requirements. But again, Defendant Campbell's purpose in adding d-1 malic acid to V8 Splash and the effect it had on the beverage's flavor are factual questions that are generally not appropriate for resolution at the motion to dismiss stage. However, Defendants argue that regardless of whether Plaintiff's allegations give rise to a plausible inference of liability when viewed in isolation, they are implausible here in light of the fact that Plaintiff's counsel has filed ten different lawsuits collectively alleging that malic acid simulates "fifty-seven distinct flavors." *Id.* 10:3–12:3. They protest that Plaintiff's counsel has asserted in various cases that malic acid can simulate anything from a "tart, fruity flavor" to a "sour, vinegar flavor," and that it is implausible that malic acid has these "magical, chameleon-like qualities." *Mot.* 2:4–16.

But the Court must confess that it has no expertise in the flavoring capabilities of d-1 malic acid. In the absence of evidence on this point, it is not in the position to say that Plaintiff's allegations are implausible. The mere fact that Plaintiff's counsel has alleged in other cases that malic acid simulates different flavors in different products does not necessarily render Plaintiff's claims in *this* case implausible. Even if it were proper for the Court to judge the plausibility of Plaintiff's allegations based on pleadings in entirely different cases, if malic acid cannot simulate such a wide range of flavors, perhaps the allegations in *the other cases* are the implausible ones. At this point, the Court cannot say.

Further, for all of Defendants' discussion about the other malic acid cases, they have not identified any case where the court found at the motion to dismiss stage that d-1 malic acid was not functioning as artificial flavor. In contrast, in at least two of the cases, courts found that they could not make this determination at the pleading stage. *See Allred v. Frito-Lay N.A., Inc.*, No. 17-CV-1345 JLS (BGS), 2018 WL 1185227, at *5 (S.D. Cal. Mar. 7, 2018); *Allred v. Kellogg Co.*, No. 17-CV-1354 AJB (BLM), 2018 WL 1158885, at *2 (S.D. Cal. Feb. 23, 2018). The Court reaches the same conclusion here. Plaintiff alleges that malic acid "simulate[s] the 'tart

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

taste' of fresh fruit" and further alleges that Defendant Campbell has itself stated that it adds malic acid to food products "where a tart taste is expected." *Compl.* ¶ 56 and n.4. Taking these allegations as true, the Court finds that Plaintiff has raised a plausible inference that d-l malic acid is an artificial flavor and that including it in V8 Splash triggered the FDA disclosure requirement.

        ii.      *Reasonable Consumer Test*

Plaintiff's claims under the CLRA, UCL, and FAL are governed by the "reasonable consumer test." *Kellogg*, 2018 WL 1158885, at *2. Under the reasonable consumer test, the plaintiff must show that "members of the public are likely to be deceived" by the defendant's advertising or statements about its product. *Williams v. Gerber Prods. Co.*, 552 F.3d 394, 397 (9th Cir. 2008); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003). Whether the defendant's practices are deceptive is usually a question of fact that is not appropriate for determination at the motion to dismiss stage. *See Williams*, 552 F.3d at 938–39 (collecting cases). Indeed, the Ninth Circuit has made clear that granting a motion to dismiss on this question will only be appropriate in "rare situation[s]." *Id.* at 939. Notably, in two other cases raising similar claims about malic acid, the courts held that they could not determine at the motion to dismiss stage whether the defendants' packaging or advertising was misleading. *See Frito-Lay*, 2018 WL 1185227, at *5; *Kellogg*, 2018 WL 1158885, at *2–3.

Defendants assert that V8 Splash contains other non-natural ingredients such as high fructose corn syrup, sucralose, and certain dyes, and that they list these ingredients on the label. *See Mot.* 12:15–13:27. They argue the failure to disclose the presence of artificial flavors is at most a technical violation of FDA regulations and that it is implausible that a reasonable consumer would care about whether a product has artificial *flavors* but not whether it has other artificial ingredients like the ones listed on the V8 Splash labels. *See id*.

The argument has some appeal. But as courts have made clear in case after case, whether a reasonable consumer would be materially deceived is a question of fact that is not generally appropriate for determination on a motion to dismiss. *See Williams*, 552 F.3d at 397–98; *Frito-Lay*, 2018 WL 1185227, at *5; *Kellogg*, 2018 WL 1158885, at *2–3. The Court is not convinced that this is one of the "rare occasion[s]" where such treatment is merited. *See Williams*, 552 F.3d at 398. Plaintiff has alleged that consumers care a great deal about whether products are made with natural ingredients. *See Compl.* ¶¶ 46–48. The Court does not feel competent to say as a matter of law, without any supporting evidence, that they do not likewise care about whether products are flavored with only natural flavors. Accordingly, the Court concludes that Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

has adequately pleaded that a reasonable consumer could be materially misled by the labeling and advertising for V8 Splash.

       *iii.*    *Preemption*

Defendants argue that Plaintiff's claims are preempted to the extent that they allege that the names of the V8 Splash products (e.g. "Berry Blend" and "Tropical Blend") or the images of fruit on the label misled consumers. They further argue that Plaintiff's theory that "malic acid" was required to be identified as "d-1 malic acid" on the ingredient list is also preempted.

The federal Nutritional Labeling & Education Act ("NLEA") contains an express preemption provision that reads: "no state . . . may directly or indirectly establish . . . any requirement for the labeling of food of the type [regulated by federal law] that is not identical to the [federal] requirement." 21 U.S.C. § 343-1(a). Defendants argue that the names they have given to their V8 Splash products and their use of images of fruit on the labels comply with federal standards and therefore cannot be deemed deceptive under California law. *See Mot.* 14:27–17:12. Plaintiff has not responded to this argument in her opposition, arguing only that her claims based on the failure to disclose artificial flavoring on the front label[1] and the failure to list "d-1 malic acid" in the ingredient list are not preempted. *See Opp.* 11:4–14:17. Arguments to which no response is supplied are deemed conceded. *See, e.g., Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011). Accordingly, the Court concludes that Plaintiff's claims are preempted to the extent that they rely on allegations about the names of the V8 Splash varieties or the images of fruit displayed on the labels.

The Court now turns to the preemption issue that *is* in dispute: whether Plaintiff's claims are preempted to the extent that they are based on Defendant's failure to list "d-1 malic acid" instead of just "malic acid" on the ingredient list for V8 Splash. As explained above, federal law provides the exclusive regulatory scheme for food product labeling. Accordingly, Plaintiff's claims are preempted to the extent that they allege that Defendants failed to disclose something on the V8 Splash label that is not required to be disclosed under federal law. Plaintiff alleges that Defendants deceived consumers by listing only "malic acid" on the ingredient list instead of "d-1 malic acid" because listing "d-1 malic acid" would have informed consumers that V8

---

[1] Defendants have clarified that they are not arguing preemption with regard to Plaintiff's claim about the failure to disclose artificial flavoring on the front label. *See Reply* 10 n.12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

Splash contained the artificial form of the ingredient. *Compl.* ¶ 60. Defendants counter that federal regulations require the ingredient to be labeled as "malic acid," so Plaintiff cannot base her claims on a failure to list it as "d-1 malic acid." *See Reply* 9:7–10:4.

The relevant statute and regulations require ingredients to be listed by their "common or usual name." 21 U.S.C. § 343(i)(2); 21 C.F.R. § 101.4(a)(1). They further provide that "[t]he name of an ingredient shall be a specific name and not a collective (generic) name, except that . . . . [s]pices, flavorings, colorings and chemical preservatives shall be declared according to the provisions of" another regulation. 21 C.F.R. § 101.4(b). Plaintiff asserts that the latter provision required Defendants to use the "specific name," which it contends is "d-1 malic acid." *See Opp.* 12:12–13:4. Defendants counter that that provision stands only for the proposition that ingredients should be listed individually, rather than collectively (except as to certain categories of ingredients like flavors), and not that the label must list the scientific name rather than the common name. *Reply* 9:7–10:4. In other words, Plaintiff argues that the provision requires manufacturers to list apples, oranges, and grapes separately on the ingredient rather than as a single category of "fruit."

The Court concludes that Defendants have the better of the argument. The statute and regulations specifically instruct that ingredients should be listed by their "common or usual name." *See* 21 U.S.C. § 343(i)(2); 21 C.F.R. § 101.4(a)(1). The provision instructing that the name "shall be a specific name and not a collective (generic) name" does not override the "common or usual name" requirement but instead clarifies that ingredients must be listed separately rather than as a single generic category. *See* 21 C.F.R. § 101.4(b). This conclusion is supported by an FDA guidance document. *See* Food & Drug Administration, *A Food Labeling Guide* (January 2013).[2] In providing an example of what it means to use the common or usual name, the guidance document instructs that labels should "use the term 'sugar' instead of the scientific name 'sucrose.'" *Id.* at 17. In interpreting the regulation, the Court may consider this guidance document to the extent that it finds it persuasive, and it finds it persuasive on the point of whether labels must list the scientific name of ingredients. *See Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000); *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). The regulations require labels to list ingredients by their common and usual names, and the Court is convinced that the common and usual name for the ingredient in V8 Splash is "malic acid," rather than the scientific name of "d-1 malic acid." Because Defendants complied with federal regulations by

---

[2]Available at https://www.fda.gov/downloads/food/guidancecomplianceregulatoryinformation/guidancedocuments/foodlabelingnutrition/foodlabelingguide/ucm265446.pdf.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

listing "malic acid" on the V8 Splash ingredient list, any claim based on the failure include the scientific name on the ingredient list is preempted.

        *iv.*    *Rule 9(b)*

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To plead fraud with particularity, the pleader must state the time, place, and specific content of the false representations. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). The allegations "must set forth more than neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about the statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). In essence, the defendant must be able to prepare an adequate answer to the allegations of fraud. Where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rather, a plaintiff must identify each defendant's role in the alleged scheme. *See id.* at 765.

All of Plaintiff's remaining claims are based on the V8 Splash labels.[3] "Many courts in California have applied a relatively straightforward test for the application of Rule 9(b) to label-based fraud claims. The "who" are the defendants; the "what" are their allegedly misleading claims; the "when" is the proposed class period, during which those claims were made; the "where" is the offending label; and the "how" is the plaintiff's explanation why the defendant's claims are misleading." *5-Hour ENERGY*, 2014 WL 5311272, at *17. Taking that approach here, the Court finds that Plaintiff has satisfied the Rule 9(b) standard.

        *v.*    *Claims as to Defendant Y&R*

Defendants argue that regardless of whether Defendant Campbell can be held liable under the CLRA, UCL, and FAL, Plaintiff's claims against Defendant Y&R should be dismissed because liability under those statutes "must be based on [the defendant's] 'personal participation in the unlawful practices' and 'unbridled control' over the practices" found to violate the statutes. *Mot.* 23:24–25:13 (quoting *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002) and *Dorfman v. Nutramax Labs, Inc.*, No. 13CV873 WQH (RBB), 2013 WL 5353043, at *14 (S.D. Cal. Sept. 23, 2013)). Defendants argue that Plaintiff has not sufficiently alleged that

---

[3] As explained above, Plaintiff's theory of liability based on advertising on Defendants' website has been dismissed for lack of standing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

Y&R knew that artificial malic acid was being used in the products or even that federal regulations would have required disclosure of artificial flavors. *Mot.* 24:5–13. But Plaintiff has alleged that Y&R "wrote or approved false and misleading copy that facilitated the sale of misbranded" V8 Splash. *Compl.* ¶ 21. The Court concludes that this is sufficient to raise a plausible inference that Y&R had enough control over the process such that it could be held liable under the CLRA, UCL, and FAL. The role that Y&R actually played is a question of fact to be determined at a later stage.

      *vi.*    *Summary of CLRA, UCL, and FAL Claims*

The Court concludes that Plaintiff has stated a claim on her four causes of action under the CLRA, UCL, and FAL. Accordingly, Defendant's motion to dismiss these claims is **DENIED**. However, the Court has concluded that Plaintiff's theories of liability based on the names of the V8 Splash varieties, the use of images of fruits on the label, and the failure to list "d-1 malic acid" in the ingredient list are preempted because Defendants complied with the relevant federal regulations. And it has further concluded that Plaintiff lacks standing with regard to her theory based on Defendants' statements and advertisements about V8 Splash's antioxidant qualities.

      C.    <u>Breach of Warranty Claims</u>

      *i.*    *Breach of Express Warranty as to Defendant Campbell*

"To plead a claim for breach of express warranty, the plaintiff must allege the terms of the warranty, reasonable reliance, and that a breach of the warranty proximately caused his or her injury." *Frito-Lay*, 2018 WL 1185227, at *6 (citing *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986)).

Defendants argue that Plaintiff's claim should be dismissed because she does not allege the express terms of the warranty. However, Plaintiff alleges that the V8 Splash labels "misleadingly claim by operation of California law that the Products are flavored only with the listed natural fruit flavors." *Compl.* ¶ 172. More specifically, she alleges that the labels state "that the Products are, for example, 'berry flavored' or 'strawberry and kiwi' flavored, with only other 'natural flavors.'" *Id.* ¶ 173. Her theory appears to be that the lack of a statement on the front label indicating the presence of artificial flavors (in alleged violation of federal regulations) combined with statements on the label indicating that the beverages contained "other natural flavors" warranted that the drink did not contain artificial flavors. *See Opp.* 22:7–22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

In *Kellogg*, the court held that allegations about a similar statement on a product label—that a product was flavored with "vinegar flavor"—were enough to state a claim for breach of express warranty on the theory that a consumer could interpret the statement to warrant that the product contained only natural flavors. *See Kellogg*, 2018 WL 1158885, at *5. The defendant in that case argued that the statement was factually true because the product did have vinegar flavors, they just happened to be artificial ones. *Id.* But the court found that the statement could still potentially be misleading depending on how it was interpreted by the reader. *Id.* It concluded that "[w]hether the label actually provided a warranty and is likely to deceive a consumer are not appropriate questions to decide on a dismissal motion." *Id.* The Court takes the same approach here. Plaintiff has pointed to statements on the V8 Splash labels that she alleges created an express warranty. Whether or not they actually did depends on how they would be interpreted by consumers. The Court concludes that this is a factual question that cannot be determined on a motion to dismiss.

Defendants also argue that Plaintiff has failed to allege reliance and causation. But as explained above with regard to Plaintiff's other claims, she has adequately alleged that she relied on Defendants' alleged misrepresentations in purchasing V8 Splash and that she would not have otherwise done so. That is enough to survive a motion to dismiss. Accordingly, Defendants' motion to dismiss this claim is **DENIED**.

> ii.   *Breach of Implied Warranty as to Defendant Campbell*

"The implied warranty of merchantability 'is breached where the goods do not conform to the promises or affirmations contained on the container or label or are not fit for the ordinary purposes for which the goods are used.'" *Frito-Lay*, 2018 WL 1185227, at *6 (quoting *Martinez v. Metabolife Int'l, Inc.* 113 Cal. App. 4th 181, 189 (2003)). Defendants argue that Plaintiff's claim is defective because she has not alleged that V8 Splash is unfit for human consumption—its ordinary purpose. *Mot.* 23:6–15. But there are two types of implied warranty of merchantability claims: one based on whether a product is fit for the ordinary purpose and one based on whether the goods conform to the promises or affirmations on the label. *Frito-Lay*, 2018 WL 1185227, at *6. Plaintiff brings the second type of claim, alleging that the statements on the V8 Splash label imply that the product contains only natural flavors. California law allows such claims to be brought as breach of implied warranty claim. *See id.* For the same reasons given above with regard to the express warranty claim, the Court concludes that Plaintiff has adequately pleaded her breach of implied warranty claim. Accordingly, Defendant Campbell's motion to dismiss this claim is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

       *iii.*    *Warranty Claims as to Defendant Y&R*

     Defendants argue that both the breach of express warranty and breach of implied warranty claims should be dismissed as to Defendant Y&R because Y&R was not in privity with Plaintiff. *See Mot.* 24:23–25:1. Plaintiff has not disputed that the privity requirement applies to her breach of implied warranty claim, and she has also not disputed that she was not in privity with Defendant Y&R. The Court deems this as a concession that she cannot make out a breach of implied warranty claim against Defendant Y&R. Accordingly, the breach of implied warranty claim against Defendant Y&R is **DISMISSED**.

     However, Plaintiff *does* dispute she needs to plead privity with regard to her breach of express warranty claim. *See Opp.* 24:28–25:9. The three total sentences that the parties have devoted to briefing this point have been less-than-helpful to the Court's determination of the issue. *See Mot.* 24:23–24; *Opp.* 25:2–5; *Reply* 12:20–24. But as best the Court can tell, California courts appear to have largely dispensed with the privity requirement for breach of express warranty claims on the theory that "it is deemed fair to impose responsibility on one who makes affirmative claims as to the merits of the product, upon which the remote consumer reasonably relies." *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 143–44 (2008). Plaintiff alleges that Defendant Y&R was directly responsible for the statements on the V8 Splash labels. *See Compl.* ¶ 21. It therefore appears under California law that Defendant Y&R can be held liable for breach of express warranty.

     Defendants also argue that Defendant Y&R cannot be held liable for breach of express warranty because Plaintiff has failed to allege that "Y&R developed and disseminated the labels (which allegedly created the warranties)." *Mot.* 24:20–22. But, as explained above, Plaintiff has alleged that Defendant Y&R "wrote or approved false and misleading copy that facilitated the sale of misbranded" V8 Splash. *Compl.* ¶ 21. This is enough to raise a plausible inference that Y&R developed the messages on the labels and participated in their dissemination.

     For the foregoing reasons, the Court **GRANTS** Defendant Y&R's motion to dismiss the breach of implied warranty claim against it but **DENIES** Y&R's motion to dismiss the breach of express warranty claim.

       D.    <u>Statute of Limitations</u>

     Plaintiff seeks to represent a class of consumers who purchased V8 Splash in California after January 1, 2012. *See Compl.* ¶ 112. The early part of this period falls outside the statute of

Case 5:18-cv-00668-PSG-SP   Document 28   Filed 09/24/18   Page 17 of 19   Page ID #:245

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

limitations for Plaintiff's claims. However, Plaintiff invokes California's delayed discovery rule under which the statute of limitations does not begin running "until the plaintiff discovers, or has reason to discover, the cause of action." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008).

Plaintiffs are required to diligently investigate suspected injuries, and if "such an investigation would have disclosed a factual basis for a cause of action, the statute of limitations begins to run on that cause of action when the investigation would have brought such information to light." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807–09 (2005). Whether a plaintiff could have conducted an investigation that would have "reasonably discovered facts supporting the action within the applicable statute of limitations" period is a fact-specific question. *See id.* at 810 (holding that whether the discovery rule applies is "normally a question of fact"); *accord Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1308 (9th Cir. 1992) ("Where the cause of action was belatedly discovered, the issue whether the plaintiff exercised reasonable diligence is a question of fact."); *Ovando v. Cty. of Los Angeles*, 159 Cal. App. 4th 42, 61 (2008) ("The question when a plaintiff actually discovered or reasonably should have discovered the facts for the purposes of the delayed discovery rule is a question of fact unless the evidence can support only one reasonable conclusion.").

Courts do not resolve factual issues like these on a motion to dismiss. Instead, they must accept the plaintiff's non-conclusory allegations as true and determine whether they give rise to a plausible inference that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Therefore, the question before the Court is whether Plaintiff's allegations, accepted as true, give rise to a plausible inference that she did not learn, and would not have been reasonably able to learn, about Defendants' alleged misrepresentations within the applicable limitations periods. *See Fox*, 35 Cal. 4th at 804.

The Court concludes that it is not appropriate to answer this factual question at the current stage. Plaintiff has alleged that she "is a reasonably diligent consumer who exercised reasonable diligence in her purchase and consumption" of V8 Splash. *Compl.* ¶ 109. She has also alleged that she would have lacked a reason or means to discover the allegedly deceptive labeling because "like nearly all consumers, she relies on and is entitled to rely on the manufacturer's obligation to label its products in compliance with state law." *Id.* ¶ 109. This is enough to raise a plausible inference that Plaintiff acted reasonably. Whether she actually did is a question for a later stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

### V. Leave to Amend

Plaintiff requests leave to amend. *See Opp.* 25:11–14. Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Court considers whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court finds that amendment would be futile for the breach of implied warranty claim against Defendant Y&R because Plaintiff cannot allege that she was in privity with Defendant Y&R. Further, Plaintiff's theories based on the names of the V8 Splash varieties, the fruits displayed on the label, or the failure to list "d-1 malic acid" on the ingredient list are preempted by federal law and therefore cannot be remedied.

However, Plaintiff's failure to allege that she saw and relied on Defendants' statements on its website about V8 Splash's antioxidant qualities *could* be cured by amendment. Accordingly, the Court **GRANTS** Plaintiff leave to amend. If Plaintiff wishes to file an amended complaint, she must do so no later than **October 26, 2018**.

### VI. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss the breach of implied warranty claim against Defendant Y&R but **DENIES** it at least in part as to the other claims against Defendant Y&R and all claims against Defendant Campbell. Specifically, the Court finds that Plaintiff's theories based on the names of the V8 Splash varieties, the fruits displayed on the label, or the failure to list "d-1 malic acid" on the ingredient list are preempted by federal law. And it concludes that she lacks standing with regard to her theory based on Defendants' advertisements about the antioxidant qualifies of V8 Splash.

Plaintiff may proceed with her CLRA, FAL, and UCL claims based on the theory that Defendants misled consumers by failing to disclose the presence of artificial flavors on the front label. She may also proceed with her breach of express warranty claims against both defendants and her breach of implied warranty claim against Defendant Campbell.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-668 PSG (SPx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Hortense Sims v. Campbell Soup Company et al. | | |

    The Court **GRANTS** Plaintiff leave to amend as to her theory of liability based on the alleged false statements on Defendants' website. If Plaintiff wishes to file an amended complaint, she must do so no later than **October 26, 2018**.

    **IT IS SO ORDERED**.